DECISION
{¶ 1} Relator, Kenneth A. Taylor, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order of March 31, 2006 that denies temporary total disability ("TTD") compensation from January 22 through September 29, 2005, on grounds that the *Page 2 
claimed period of disability is res judicata, and to enter an order granting said compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(D) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate examined the evidence and issued a decision (attached as Appendix A), including findings of fact and conclusions of law. Therein, the magistrate concluded that the staff hearing officer's ("SHO") order of March 31, 2006, correctly holds that the doctrine of res judicata bars the request for TTD compensation for the period of January 22 through September 29, 2005 based upon sacroiliitis, and, therefore, the magistrate recommended that this court deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed the following two objections to the magistrate's decision
 I. Relator objects to the Magistrate's conclusion of law, which finds that the SHO order of March 31, 2006 properly invoked the doctrine of res judicata to deny Relator's request for temporary total disability for the period January 22, 2005 through September 29, 2005.
 II. Relator objects to the discussion in the Magistrate's conclusions of law with respect to supposed "tactical" considerations which the Magistrate speculates might have affected the presentation of evidence before the Industrial Commission.
 {¶ 4} The magistrate made detailed findings of fact. Having no objection to the same, and upon an independent review of the matter, we adopt the findings of fact as our own.
 {¶ 5} In his first objection, relator asserts that because an award of TTD compensation based on sacroiliitis was "not previously decided," res judicata cannot apply here. This argument is the same as that made to, and addressed by the magistrate. However, relator's argument is not well-taken. On March 17, 2005, relator *Page 3 
moved for the allowance of sacroiliitis as a new condition, and an award of TTD compensation based on that condition from January 22, 2005 to present. The SHO's order of September 29, 2005 allowed the claim for sacroiliitis, but denied TTD compensation based on that condition because there was no supporting medical proof that relator was temporarily and totally disabled due to sacroiliitis for the requested time period. As found by the magistrate, relator presented noevidence that he was temporarily and totally disabled from January 22, 2005 forward, based on sacroiliitis. As recently stated by this court, "the burden remains on the claimant to establish that the newly allowed conditions render claimant temporarily and totally disabled." State exrel. Wyrebaugh v. Indus. Comm., Franklin App. No. 06AP-610,2007-Ohio-1939, at ¶ 37. In the present case, TTD compensation based on sacroiliitis was considered, but relator submitted no evidence in support of the same. When the C-84 was filed on October 20, 2005, the issue was the same as that before the SHO when the September 29, 2005 order was rendered, i.e., whether TTD should be granted based on sacroiliitis from January 22, 2005, forward; thus creating a scenario precisely to which res judicata is applicable. See, State ex rel.Washington v. Indus. Comm., 112 Ohio St.3d 86, 2006-Ohio-6505 (finding res judicata applicable to bar subsequent request for an increase of average weekly wage where there were no new and changed circumstances to warrant the commission's continuing jurisdiction over the matter and the increase request, and the evidence to support the same, could have been submitted a year prior in the previous proceedings).
 {¶ 6} Further, as noted by the magistrate, in order to invoke the continuing jurisdiction of the commission, one of the following prerequisites must be satisfied: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of *Page 4 
law; or (5) error by an inferior tribunal. State ex rel. Nicholls v.Indus. Comm. (1998), 81 Ohio St.3d 454. As more fully explained in the magistrate's decision, none of the five prerequisites apply here. For these, and the reasons set forth in the magistrate's decision, relator's first objection is overruled.
 {¶ 7} In his second objection, relator objects to the magistrate's discussion of the possible tactical reasons for Dr. Meinke not certifying TTD based on sacroiliitis prior to the October 18, 2005 report. We recognize the speculative nature of the magistrate's discussion on this issue, however, such does not constitute justification to grant the relief requested by relator. Though error may exist in speculating as to the reasons for the actions taken in this case, such is harmless error and not relevant to our ultimate determination. Consequently, relator's second objection to the magistrate's decision is overruled.
 {¶ 8} Following an independent review of the matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, relator's objections to the Magistrate's decision are overruled and we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
KLATT and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6C, Article IV, Ohio Constitution. *Page 5 
 APPENDIX A MAGISTRATE'S DECISION Rendered on March 15, 2007 IN MANDAMUS {¶ 9} In this original action, relator, Kenneth A. Taylor, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the March 31, 2006 order of its staff hearing officer ("SHO") that denies temporary total disability ("TTD") compensation from January 22 through September 29, 2005, on *Page 6 
grounds that the claimed period of disability is res judicata, and to enter an order granting said compensation. Findings of Fact:
 {¶ 10} 1. On August 11, 2004, relator sustained an industrial injury while employed with respondent The Reuben Company ("employer"), a state-fund employer. The industrial claim was initially allowed for "sprain lumbar region; contusion of coccyx; contusion of lumbar back; sprain of coccyx; contusion of left elbow; sprain of neck; scalp (head) contusion," and was assigned claim number 04-388377.
 {¶ 11} 2. Following an August 8, 2005 hearing, an SHO issued an order terminating TTD compensation effective January 21, 2005. The SHO's order of August 8, 2005 also determined that the industrial injury had reached maximum medical improvement ("MMI").
 {¶ 12} 3. Earlier, on March 18, 2005, relator moved for the allowance of "sacroiliitis" as an additional condition in the claim and he also moved for TTD compensation.
 {¶ 13} 4. In support of his March 18, 2005 motion, relator submitted a report dated
January 31, 2005, from Aaron Meinke, M.D., stating:
 I began treating Ken Taylor on 01/17/2005 for injuries sustained at work on 08/11/2004. The previous physician had diagnosed Ken with a lumbar strain, and had instituted appropriate therapies. My first evaluation revealed that Ken was mainly suffering from sacroiliatis [sic] on the right side. This was added at that time as part of the claim. This was not part of the initial diagnosis, possibly because Ken was misdiagnosed or probably that the sacroiliatis [sic] was masked by the lumbar strain which was resolving secondary to appropriate management. In lieu of the above the sacroiliatis has not been appropriately addressed and hence has not resolved. Ken is currently awaiting modalities which can improve his present condition. We by no means *Page 7 
exhausted all modalities and therefore would not consider Mr. Taylor maximally medically improved.
 {¶ 14} 5. In support of his March 18, 2005 motion, relator also submitted a C-84 report from Dr. Meinke dated January 20, 2005. On the C-84, Dr. Meinke certified TTD to an estimated return-to-work date of February 17, 2005. The C-84 form asks the physician to "List ICD-9 Codes with narrative diagnosis(es) for allowed conditions being treated which prevent return to work." In response, Dr. Meinke listed "847.2, 847.4 [and] 847.0." It should be noted that the ICD-9 code for sacroiliitis is 720.2 which was not listed on the C-84.
 {¶ 15} 6. On April 5 and July 25, 2005, Dr. Meinke completed two other C-84s that together certified TTD to an estimated return-to-work date of October 1, 2005. Those C-84s, like the C-84 dated January 20, 2005, also list ICD-9 codes "847.2, 847.4 [and] 847.0" as the allowed conditions being treated which prevent return to work. Again, sacroiliitis was not listed on the C-84s.
 {¶ 16} 7. Relator's March 18, 2005 motion was heard by a district hearing officer ("DHO") on August 8, 2005. Following the hearing, the DHO issued an order disallowing the claim for sacroiliitis and denying the request for TTD compensation. Parenthetically, it should be noted that the DHO who heard relator's March 18, 2005 motion on August 8, 2005, also sat as the SHO on August 8, 2005 and thereafter issued the order terminating TTD compensation effective January 21, 2005 and entered a finding of MMI.
 {¶ 17} 8. Relator administratively appealed the DHO's order of August 8, 2005.
 {¶ 18} 9. Relator's administrative appeal of the DHO's order of August 8, 2005 was heard by an SHO on September 29, 2005. Following the September 29, 2005 hearing, the SHO issued an order stating that the DHO's order was being "modified." The *Page 8 
SHO's order of September 29, 2005 additionally allows the claim for "sacroiliitis (720.2)." The SHO's order further states:
 * * * [T]he C-84 Physician's Disability Statement, attached to the injured worker's motion, filed 3/18/2005, indicates that the injured worker is temporarily and totally disabled, due to the conditions of "847.2, 847.4, and 947.0[.]" Those are the ICD-9 Codes for lumbar sprain, coccygeal sprain and neck sprain. Likewise, the subsequent C-84 Physician's Disability Statements from Dr. Meinke, dated 4/5/2005, and 7/25/2005, also indicate that the injured worker is disabled due to a lumbar sprain, coccygeal sprain and neck sprain. The injured worker has been previously found to have reached Maximum Medical Improvement in regard to those three (3) conditions and the injured worker has failed to submit supporting medical proof that he was temporarily and totally disabled, from 1/22/2005 forward, due to the newly allowed condition of sacroiliitis (720.2). Therefore, it is the order of this Staff Hearing Officer that the injured worker's request for payment of Temporary Total Disability Compensation, for the period from 1/22/2005 through 9/29/2005, is hereby DENIED.
(Emphasis sic.)
 {¶ 19} 10. On October 22, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of September 29, 2005.
 {¶ 20} 11. Earlier, on October 18, 2005, Dr. Meinke completed a C-84 certifying TTD from January 22, 2005 to an estimated return-to-work date of January 18, 2006. On the C-84, Dr. Meinke listed "720.2 sacroiliitis" as the only condition being treated which prevents a return to work. This C-84 was filed on October 20, 2005.
 {¶ 21} 12. Following a January 27, 2006 hearing, a DHO issued an order awarding TTD compensation beginning January 22, 2005 based upon Dr. Meinke's C-84 filed October 20, 2005.
 {¶ 22} 13. The employer administratively appealed the DHO's order of January 27, 2006. *Page 9 
 {¶ 23} 14. Following a March 31, 2006 hearing, an SHO issued an order that vacates the DHO's order of January 27, 2006. The SHO denied TTD compensation from January 22 through September 29, 2005, based upon the doctrine of res judicata. However, the SHO awarded TTD compensation beginning September 30, 2005. The SHO's order explains:
 After a number of hearings, a Staff Hearing Officer on 9/29/2005 granted an additional allowance of sacroiliitis and denied Temporary Total Disability Compensation from 1/22/2005 through 9/29/2005. The Staff Hearing Officer considered all the allowed conditions, including the sacroiliitis. The C-84 in question notes only sacroiliitis, so it is considered that this period is Res Judicata.
 This Staff Hearing Officer orders payment of Temporary Total Disability Compensation beginning 9/30/2005 through 1/18/2006. Although, there is some controversy over exactly what allowed conditions disable the Injured Worker. The Staff Hearing Officer relies upon the C-84's of Dr. Meinke, the C-84 of 1/20/2005, as well as the report of Dr. Eby, dated 11/15/2005.
 For all the above stated reasons, the Staff Hearing Officer finds the requested period of Temporary Total Disability to be Res Judicata in part and payable in part.
(Emphasis sic.)
 {¶ 24} 15. On April 29, 2006, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of March 31, 2006.
 {¶ 25} 16. On June 28, 2006, relator, Kenneth A. Taylor, filed this mandamus action.
Conclusions of Law: {¶ 26} The issue is whether the SHO's order of March 31, 2006 correctly holds that relator's request for TTD compensation for the period January 22 through September 29, 2005 based upon sacroiliitis is barred by the doctrine of res judicata. *Page 10 
 {¶ 27} Finding that the SHO's order of March 31, 2006 correctly holds that the doctrine of res judicata bars the request for TTD compensation for the period January 22 through September 29, 2005 based upon sacroiliitis, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 28} The doctrine of res judicata operates to preclude the re-litigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction. State ex rel. B.O.C. Group, General Motors Corp.v. Indus. Comm. (1991), 58 Ohio St.3d 199, 200. The principle applies to administrative proceedings. Id. The doctrine of res judicata, as applied to administrative proceedings before the commission, is limited by the commission's continuing jurisdiction. Id.
 {¶ 29} A prior adjudication serves to settle all issues between the parties that could have been raised and decided along with those that were decided. DiPaolo v. DeVictor (1988), 51 Ohio App.3d 166, 171.
 {¶ 30} The commission's continuing jurisdiction under R.C. 4123.52 is not unlimited. Its prerequisites are: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by an inferior tribunal. State ex rel. Nicholls v. Indus.Comm. (1998), 81 Ohio St.3d 454.
 {¶ 31} The Nicholls court suggests that new and changed circumstances also encompasses the rule regarding previously undiscoverable evidence. See, also, State ex rel. Keith v. Indus. Comm. (1991),62 Ohio St.3d 139.
 {¶ 32} As previously noted, on March 18, 2005, relator moved for the allowance of sacroiliitis as an additional condition and he moved for TTD compensation based upon a C-84 from Dr. Meinke dated January 20, 2005. The C-84 certified TTD to an estimated *Page 11 
return-to-work date of February 17, 2005, based upon allowed conditions other than sacroiliitis. Subsequently, on April 5 and July 25, 2005, Dr. Meinke completed two more C-84s that, together, extended TTD to an estimated return-to-work date of October 1, 2005, based upon allowed conditions other than sacroiliitis.
 {¶ 33} The March 18, 2005 motion ultimately resulted in the SHO's order of September 29, 2005 that denied TTD compensation from January 22 through September 29, 2005, on grounds that the allowed conditions certified by Dr. Meinke as causing TTD had reached MM I.
 {¶ 34} Thus, when Dr. Meinke completed the C-84 dated October 18, 2005 that certified TTD beginning January 22, 2005 based upon sacroiliitis, relator's request for TTD based upon that C-84 was, in fact, a request for TTD for the period that had previously been adjudicated by a final commission order. That is to say, through the October 18, 2005 C-84 from Dr. Meinke, relator sought another commission adjudication of a period of closed TTD that had previously been denied by final commission order.
 {¶ 35} While Dr. Meinke's certification of TTD based upon sacroiliitis had not been previously submitted to the commission for adjudication, that fact alone does not compel the conclusion that res judicata is inapplicable, as relator argues here. The real question is whether Dr. Meinke's certification of TTD based upon sacroiliitis could have reasonably been submitted during the previous proceedings resulting in the SHO's order of September 29, 2005.
 {¶ 36} Here, relator presents no explanation as to why Dr. Meinke was not asked to certify TTD based upon sacroiliitis at the time of the filing of the March 18, 2005 motion or even at some later point prior to the SHO's order of September 29, 2005. *Page 12 
 {¶ 37} Relator's failure to show why he could not submit Dr. Meinke's TTD certification based on sacroiliitis during the commission's adjudication of the March 18, 2005 motion is, in effect, a failure to show error in the commission's application of res judicata.
 {¶ 38} The magistrate observes that relator submitted Dr. Meinke's January 31, 2005 report with his filing of the March 18, 2005 motion. In the January 31, 2005 report, Dr. Meinke states that he began treating relator on January 17, 2005, for injuries sustained in the industrial injury and that sacroiliitis was diagnosed as a condition related to the industrial injury that had not previously been allowed.
 {¶ 39} Given Dr. Meinke's January 31, 2005 report, it is certainly not obvious why Dr. Meinke could not have certified TTD based upon sacroiliitis at the time the March 18, 2005 motion was filed.
 {¶ 40} Thus, while Dr. Meinke's October 18, 2005 certification of TTD based upon sacroiliitis was newly acquired evidence, it has not been shown here that the evidence was newly discovered.
 {¶ 41} While relator does not so claim here, it may be that for tactical reasons relator delayed asking Dr. Meinke for his certification of TTD based upon sacroiliitis.
 {¶ 42} Had relator submitted a C-84 from Dr. Meinke regarding sacroiliitis at the time he filed his March 18, 2005 motion or at some point in the administrative proceedings prior to the SHO's order of September 29, 2005, relator would have risked denial of the C-84 had sacroiliitis not been allowed in the claim. Also, at the filing of the March 18, 2005 motion, the then allowed conditions of the claim had not yet been declared by the commission to be at MMI. A C-84 certifying TTD based solely upon *Page 13 
sacroiliitis may have been perceived by the commission's hearing officers as inconsistent with the C-84 certifications based upon the then allowed conditions of the claim.
 {¶ 43} Even if there were tactical reasons for delaying Dr. Meinke's TTD certification based upon sacroiliitis, the failure to pursue TTD compensation based upon sacroiliitis for those reasons does not bar the commission's subsequent application of res judicata when TTD compensation was sought for the same period previously denied by a final commission order.
 {¶ 44} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1