JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Ziss Bros. Construction Co., Inc. (Ziss), appeals the decision of the Court of Common Pleas affirming the City of Independence Planning Commission's (Planning Commission) denial of Ziss's application for preliminary plan approval of a new residential development. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On or about March 18, 2005, Ziss purchased a seven-acre parcel of land on Stone Road in Independence, Ohio. The property was located in a U-1 zoning district, a designation for single-family dwellings.
 {¶ 3} On November 29, 2005, Ziss filed an application for preliminary plan approval in order to construct a subdivision development consisting of ten single family dwellings on the Stone Road property, to be called Oak Knoll. The Planning Commission conducted a series of seven hearings, nontestimonial in nature, on the matter from December 6, 2005 through June 6, 2006.
 {¶ 4} The Planning Commission considered, among many factors, the following: storm-water run-off; erosion; the plan's effect on nearby wetlands, in light of the fact that the property is on a 15% grade; whether the City of Independence or a homeowner's association would be responsible for the creation and maintenance of a storm-water management system; lack of a cul-de-sac for emergency vehicles; the potential need for a traffic light; the existence of semi-truck traffic; and future development in addition to that applied for. *Page 4 
 {¶ 5} After a review of the matter, the Planning Commission found the record did not support approval of Ziss's application and noted, among other things, that Ziss's application for the construction of ten homes would require the approval of six variances.
 {¶ 6} On June 29, 2006, Ziss appealed the matter to the Court of Common Pleas. Ziss also filed a mandamus action and a declaratory judgment action with the Court of Common Pleas, which was later dismissed. See State ex rel. Ziss Bros. Const. Co. v. Independence, CV-06-601869 and Ziss Bros. Const. Co., Inc. v. Independence, CV-06-601867.
 {¶ 7} On December 15, 2006, in the case sub judice, Ziss filed a motion requesting the submission of additional evidence and requesting a hearing. On February 26, 2007, the Court of Common Pleas denied Ziss's motion.
 {¶ 8} On July 17, 2007, Ziss filed a motion to request a hearing on constitutional issues, which was denied on August 23, 2007.
 {¶ 9} Thereafter, on January 18, 2008, the Court of Common Pleas issued a journal entry and order finding that, pursuant to R.C. 2506.04, the Planning Commission's decision to deny Ziss's application was "not unreasonable and is supported by the preponderance of substantial, reliable and probative evidence on the whole record." The Common Pleas Court also found that "the decision to deny approval of the preliminary plan was not unconstitutional, illegal, arbitrary or capricious ***." *Page 5 
 {¶ 10} Ziss appeals, asserting three assignments of error for our review.
 {¶ 11} The standard of review for all three assignments of error is the same. Notably, "[w]e have a very limited standard of review on appeal, which is unlike that employed by the court of common pleas."Dade v. Bay Village Bd. of Zoning Appeals, Cuyahoga App. No. 87728,2006-Ohio-6416.
 {¶ 12} Pursuant to R.C. 2506.04, the Court of Common Pleas may find the following:
 "[T]he order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
 {¶ 13} However, "[o]ur review is limited to determining whether the court's decision is supported by a preponderance of reliable, probative and substantial evidence. This is, in essence, a determination of whether the court abused its discretion in affirming the administrative decision." Dade at _3. (Internal citations omitted.) "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 14} In consideration thereof, we proceed to address Ziss's assignments of error.
 {¶ 15} ASSIGNMENT OF ERROR NUMBER ONE
 "The Common Pleas Court abused its discretion and erred as a matter of law when it refused to hold a hearing to permit *Page 6 additional evidence as mandated by the Ohio Revised Code Section 2506.03."
 {¶ 16} Ziss argues that the Court of Common Pleas erred when it denied its request for a hearing to permit additional evidence as mandated by R.C. 2506.03.
 {¶ 17} Specifically, Ziss argues on appeal that the trial court erred when it failed to hold an evidentiary hearing because the following was missing from the transcript: the Planning Commission's findings of fact; minutes of the March 7, 2006 hearing with the record on appeal; and lastly, the May 1, 2006 preliminary review of Todd Houser (Houser) of the Cuyahoga County Soil and Water Conservation District.
 {¶ 18} We have held that when the court of common pleas acts as the court of appeals in an administrative appeal, it is limited to a review of the transcript with the exception of certain enumerated deficiencies:
 "In an appeal under Chapter 2506, the Common Pleas Court is acting as a Court of Appeals and generally is limited to the transcript of the agency or administrative board unless certain enumerated deficiences [sic] are apparent, on the face of the transcript or by affidavit filed by the appellant, entitling appellant to submit additional evidence." Union Oil Co. of Cal. v. Mayfield Hts. Bd. of Zoning Appeals (Jan. 15, 1987), Cuyahoga App. No. 52017.
 {¶ 19} R.C. 2506.03 sets forth those enumerated deficiencies entitling an appellant the opportunity to submit additional evidence to the court of common pleas and reads: *Page 7 
 "(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.
 * * * *
 "(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.
 "(B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party."
 {¶ 20} "It has been held that the mandatory language of R.C. 2506.03
provides for the liberal supplementation of the record when the transcript provided under R.C. 2506.02 is inadequate or incomplete."Arias Way, LLC v. Concord Twp. Bd. of Zoning Appeals,173 Ohio App.3d 73, 2007-Ohio-4776. (Internal citation omitted.)
 {¶ 21} On December 15, 2006, Ziss filed a motion requesting the court hold a hearing and allow additional evidence. On December 26, 2006, the Court of *Page 8 
Common Pleas granted Ziss's motion as unopposed but never conducted a hearing on the matter.
 {¶ 22} The transcript submitted to the Court of Common Pleas consisted of the following: the Planning Commission application; Planning Commission agenda and meeting minutes for seven meetings; the limited warranty deed conveying the Stone Road property to Ziss; and other maps, materials and correspondence.
 {¶ 23} On January 9, 2007, the Planning Commission filed its response to Ziss's motion requesting a hearing and the opportunity to submit additional evidence. The Planning Commission attached the minutes of the March 7, 2006 hearing and Houser's April 4, 2006 preliminary review, but did not attach the May 1, 2006 preliminary review.
 {¶ 24} Regarding Ziss's argument that the Planning Commission failed to file findings of fact, the minutes of the Planning Commission's June 6, 2006 hearing contain the following:
 "Tom Narduzzi stated that he is not going to support this development. At the first meeting it was asked why there would not be a cul-de-sac. At that point it was said that it was going to be kept open for future development. There are two experts that disagree about the water flow. By future development, by adding on to this development, is this going to compound the problem? The problem will come through right here by Stone Road where this detention basin is. Second of all, it is not a cul-de-sac, and he worries about City vehicles — fire truck, ambulance, snow plows. Are these vehicles going to back down the street? He just cannot see *Page 9 it. Mr. Narduzzi knows about the letter from the Glinskis. He cannot speak for them. But in his mind, he thought it would be a park-like development, and they made their decision on being a park-like development. He does not think the City has any right to buy this land. He thinks it should remain what it is. It has been that way forever. Just because a developer wants to come and develop it to make money, to him it is an unbuildable piece of property and the City should not take action to buy it. Chairman Lytkowski asked if the property had a cul-de-sac would it make a difference? Mr. Narduzzi stated it would help. On 10 lots they are asking for 6 variances. It is getting out of control. With a cul-de-sac, there would be more variances.
 Jack Shallcross stated that his concerns are the retention ponds, retention basin, the stream bed. They have not addressed those issues. With all this new technology they are talking about, we don't know what it is going to be like in 20 years. He hears that there is maintenance involved with all these ponds and filter strips. Somebody will have to pay for doing this. There are a lot of issues on this unbuildable piece of property, and he agrees with Mr. Narduzzi that this land should stay the way it is.
 Vice Mayor Krutz stated that he cannot participate with regard to this project.
 Mayor Ramos stated that he received a letter from Frank Ziss a few months ago. One of the things that bothered him, and he has known Frank for a number of years [sic]. The Mayor feels that his company has a fine reputation and is very honorable, and they are very good and hardworking people. The Mayor would never take that away from him. In the letter it eluded to the fact that they had to go through *Page 10 the public hearings and meetings. The Mayor knows that at times these are very difficult to go through. Everyone is passionate about where they are coming from. The Mayor is sure that the people on Stone Road, and Glinskis are very passionate. The Mayor stated that Mr. Ziss should not take this personally as it is not meant to be. It does not matter if it is Ziss, or Rini, or Marek, it is about this project. The Mayor stated that he is just not comfortable about the water problems in this area. He thinks that the development is being squeezed into this very difficult, very challenging piece of property. He as a Councilman and now Mayor is trying to deal with some water issues in this area[,] especially a little bit downstream. Mrs. Novak has a lake in her back yard. The Mayor is not convinced that these issues are going to go away. If these issues were going to go away, the Mayor would be the first person behind this. He knows that a long outstanding issue would be resolved. He has heard testimony for the past months from the people that live in that area, testifying as to the water concerns. He just does not feel good. He feels that every property owner has a right to develop their property and utilize their property, *Page 11 but it is a balancing thing here. Even with all the testimony and experts, he just does not feel comfortable supporting this thing; and he will be voting `no.' He apologizes to the Ziss family because he knows they are very fine people and very good builders. They have made every effort to make this project possible. The Mayor does not feel comfortable supporting this issue. There are too many questions that remain in his mind."
 {¶ 25} Thereafter, a vote was taken, and three Planning Commission members voted "no," no members voted "yes," and two members abstained.
 {¶ 26} In Felder v. City Planning Comm. of Pepper Pike (Apr. 26, 1979), Cuyahoga App. No. 38663, we held that the minutes were deficient and failed to satisfy the transcript requirement set forth in R.C. 2506.02 and R.C. 2506.03 because it merely stated "[a]fter presentation and discussion * * *," and thereafter a vote was taken.
 {¶ 27} It is clear that the Planning Commission presented detailed findings of fact at the June 6, 2006 hearing as evidenced by the minutes which it provided Ziss and the public. Each of the Planning Commission members expressed their reasoning for denying Ziss's application, unlike the Felder matter. Thus, it cannot be said that the Planning Commission failed to file findings of fact with the transcript. *Page 12 
 {¶ 28} Further, pertaining to both the March 7, 2006 hearing minutes and Houser's March 1, 2006 preliminary review, both missing from the transcript:
 "In an appeal pursuant to R.C. Chapter 2506, where a transcript of administrative hearings is filed which contains gaps or omissions, the judgment of a court of common pleas predicated thereon will not be disturbed unless the complaining parties can demonstrate that there is a reasonable likelihood that the outcome would have been different had they been permitted to introduce additional evidence." Union Oil at 8.
 {¶ 29} Regarding the March 7, 2006 hearing minutes, Ziss makes no demonstration that the outcome at the Common Pleas Court would have been different had it been permitted to introduce the March 7, 2006 hearing minutes into evidence.
 {¶ 30} Regarding Houser's March 1, 2006 preliminary review, Ziss asserts that it is critical because it comports with opinions that the use of filter strips is a sufficient storm-water management plan from the following: Ziss's consultant, Fultech Engineers (Fultech) and Don Elewski (Elewski), the engineer for the City of Independence. However, we find that Houser's opinion merely reiterates what the Fultech engineer and Elewski already opined and, thus, there is no likelihood that the outcome at the Court of Common Pleas would be different with the introduction of this evidence.
 {¶ 31} Ziss's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO *Page 13 
 "The Common Pleas Court abused its discretion and erred as a matter of law in refusing to conduct a hearing de novo on the issues of constitutionality." (Emphasis in original.)
 {¶ 32} Ziss argues that the Court of Common Pleas abused its discretion when it refused to conduct a de novo hearing on constitutional issues.
 {¶ 33} The Supreme Court of Ohio has declared:
 "It is virtually axiomatic that the enactment of zoning laws by a municipality is an exercise of the police power to provide for the public health, safety, morals, or general welfare. In order for such laws to avoid conflict with due process principles, a zoning ordinance must be general in its application, the classification as to which the property may be devoted must be reasonable, and the pre-existing vested rights must be recognized and protected. This power to classify property will not be interfered with by the courts unless such power is exercised in such an arbitrary, confiscatory or unreasonable manner as to be in violation of constitutional guarantees." Negin v. Bd. of Bldg. Zoning Appeals of Mentor (1982), 69 Ohio St.2d 492. (Internal citations omitted.)
 {¶ 34} Notably, "[a] facial constitutional challenge to a zoning ordinance is improper in the context of an administrative appeal."Cappas Karas Invest., *Page 14 Inc. v. Cleveland Bd. of Zoning Appeals, Cuyahoga App. No. 85124,2005-Ohio-2735. Rather, "the proper vehicle for challenging the constitutionality of an ordinance on its face is a declaratory judgment action." Cappas at _12. (Internal citations omitted.)
 {¶ 35} Regarding constitutional challenges to zoning ordinances as applied to a particular property, however, we have held that "[considerations of judicial economy allow the common pleas court in an administrative appeal to address the constitutionality of a zoning ordinance as applied to the particular property at issue, even though constitutionality was not an issue which the administrative agency could have addressed." Cappas at _12.
 {¶ 36} Thus, "although the general constitutionality of a zoning ordinance can only be challenged in a separate declaratory judgment action, the constitutionality of the ordinance as applied to the property in question can be challenged as part of an appeal under R.C. Chapter 2506." Recreational Facilities, Inc. v. Hambden Twp. Bd. ofTrustees (1995), Geauga App. No. 93-G-1819. As such, we have held that:
 "In addressing the constitutionality of properly enacted zoning ordinances, courts must presume their validity. A zoning ordinance will be found unconstitutional as applied only if its requirements are clearly arbitrary and unreasonable and are unrelated to the public health, safety *Page 15 or general welfare. The burden of proving that a zoning ordinance is unconstitutional is on the person making such an assertion. Further, a person wishing to attack an ordinance as unconstitutional *** may not rely on mere allegations or conclusions of law that the ordinance is not based on health, safety, morals or general welfare, but must introduce competent and relevant evidence to support his position ***." Bd. of Bldg. and Zoning Appeals of the City of Highland Hts., Ohio v. Grande (1996), Cuyahoga App. No. 69082. (Internal citations omitted.)
 {¶ 37} On July 10, 2007, Ziss filed a motion requesting a hearing on constitutional grounds. By means of affidavit, Frank Ziss stated that Kristin Oswick, a local resident, discussed with the Mayor the possibility of purchasing Ziss's property. Frank Ziss also stated that the Mayor reviewed Oswick's speeches prior to presentation at the Planning Commission hearings, the combination of which creates a violation of Ziss's due process rights.
 {¶ 38} The Court of Common Pleas denied the motion, stating the following in its journal entry:
 "Plaintiff-appellant's motion to request a hearing on constitutional issues *** is denied to the extent that it requests a separate evidentiary hearing beyond the court's *Page 16 review of the transcript pursuant to O.R.C. 2506.01 et seq. Section 2506.04 provides, among other things, that `the court may find that the order, adjudication or decision is unconstitutional.' However, section 2506.03 confines the hearing on that issue to the filed transcript. Hence, the court's review of the transcript will necessarily include a review of the constitutionality of the administrative body's actions and decision as evidenced by the filed transcript."
 {¶ 39} Thus, the Court of Common Pleas made it clear that it was already reviewing the matter on constitutional grounds pursuant to R.C. 2506.04, and thus, was limited to the transcript and any evidentiary exceptionsset forth in R.C. 2506.03.
 {¶ 40} Regarding the same, we have held that: "Moreover, the mere filing of an affidavit does not automatically quicken the statutory right nor compel the Court of Common Pleas to take additional evidence unless the record will support some one of the deficiencies enumerated in the statute ***." 12701 Shaker Blvd. Co. v. City of Cleveland (1972),31 Ohio App.2d 199.
 {¶ 41} In the case sub judice, it is clear that Ziss did not argue that it was entitled to admit additional evidence pursuant to any exception set forth in R.C. 2506.03. However, Ziss citesRecreational Facilities, Inc., supra, and Brown v. Painesville Twp. Bd.of Zoning Appeals, 11th Dist. No. 2004-L-047,2005-Ohio-5608, *Page 17 
in support of its contention that the Court of Common Pleas was required to conduct a de novo hearing in this case.
 {¶ 42} In Recreational Facilities, Inc. and Brown, the Eleventh District Court of Appeals held that the common pleas court erred when it failed to conduct a de novo hearing when the appellants alleged that the challenged zoning ordinance, as applied to appellants' property, violated constitutional rights.
 {¶ 43} However, the instant case is distinguishable because Ziss does not argue that zoning ordinances are unconstitutional as applied to its property. Ziss's property is located in a U-1 zoning district, a designation for single-family dwellings. Ziss's application for preliminary plan approval pertains to the construction of single-family dwellings.
 {¶ 44} Further, a review of Ziss's argument that is phrased as a "constitutional" challenge reveals that it fails to "attack the constitutionality of any particular statute." Lomaz v. Midwest FireworksMfg. Co., Inc. II, 11th Dist. Nos. 2004-P-0071 and 2004-P-0072, 2005-Ohio-7052. Ziss's "constitutional argument," rather, "attack[s] the acts or omissions" of the Planning Commission. Lomazat _47. As such, "[a]ppellant['s] argument is a factual challenge to *** procedure, not a legal challenge to the constitutionality of the statute *** in question." Lomaz at _47. (Emphasis in original.) *Page 18 
 {¶ 45} Thus, we cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably when it denied Ziss's motion requesting a hearing on constitutional issues.
 {¶ 46} Ziss's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
 "The Common Pleas Court abused its discretion and erred as a matter of law in finding that the planning commission decision was not unreasonable, unconstitutional, illegal, arbitrary or capricious and that it was supported by a preponderance of substantial, reliable and probative evidence on the whole record."
 {¶ 47} Ziss argues that the trial court erred when it affirmed the Planning Commission's denial of Ziss's application for preliminary plan approval.
 {¶ 48} Specifically, Ziss contends that the Planning Commission had an affirmative duty to approve its application for preliminary plan approval because it complied with the City of Independence Code. Ziss also argues that as a result, the Planning Commission did not have the discretion to deny its application for failing to promote the general welfare.
 {¶ 49} However, Ziss argued the same in a related matter, Ziss Bros.Const. Co., Inc. v. City of Independence (N.D. Ohio, Sept. 30, 2008), Case No. 1:07 CV 3767, involving allegations of substantive and procedural due process and equal protection due process violation claims. The court found that Ziss failed to *Page 19 
demonstrate that the Planning Commission lacked the discretion to deny its application for preliminary plan approval.
 {¶ 50} We also note that, pertaining to a writ of mandamus in a zoning matter, the Supreme Court of Ohio held: "Since appellant does not have a clear legal right to site plan approval or a building permit, it follows that appellees do not have a clear legal duty to issue same." TheChapel, d.b.a. The Chapel, An Evangelical Church v. City of Solon
(1988), 40 Ohio St.3d 3. It thus follows that the City of Independence has the discretion and authority to either approve or disapprove of Ziss's application for preliminary plan approval.
 {¶ 51} Further, Ziss argues that the Planning Commission abused its discretion and misapplied the City of Independence Code 1115.03 when it required Ziss to submit information in addition to that specified therein. However, Ziss made no objection to the Planning Commission's requests. As found by the Supreme Court of Ohio, "errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal." Stores Realty Co. v. City of Cleveland, Bd. of Bldg.Standards and Bldg. Appeals (1975), 41 Ohio St.2d 41.
 {¶ 52} Next, Ziss argues that the unsubstantiated and unsworn public testimony presented to the Planning Commission was not reliable, probative, and substantive and thus, cannot form the basis of the Planning Commission's *Page 20 
decision. Here, also, Ziss failed to object to the unsworn testimony presented to the Planning Commission. It is well settled that:
 "[A] party may not, upon appeal, raise a claim that the oath of a witness was omitted or defective, unless objection thereto was raised at trial. If no objection was raised, the error is considered to be waived. *** By failing to bring the matter to the attention of the board, appellee effectively waived the right to appeal upon that ground." Stores Realty at 43. (Internal citations omitted.)
 {¶ 53} Additionally, Ziss argues that its plans met and exceeded the code requirements for preliminary plan approval. However, the transcript is clear that in light of all the evidence submitted to the Planning Commission for review, Ziss's application to build ten homes as a new development would have required six variances.
 {¶ 54} Additionally, the Planning Commission considered many factors including but not limited to the following: storm-water run-off; erosion; the plan's effect on nearby wetlands, in light of the fact the property is on a 15% grade; whether the City of Independence or a homeowner's association would be responsible for the creation and maintenance of a storm-water management system; lack of a cul-de-sac for emergency vehicles; the potential need for a traffic light; semi-truck traffic; and lastly, future development in addition to that applied for. *Page 21 
 {¶ 55} Thus, after thorough review of the record and transcript, we find that the Court of Common Pleas decision is supported by a preponderance of reliable, probative and substantial evidence.
 {¶ 56} Ziss's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1