DICKSON & CAMPBELL, L.L.C., Appellant,

v.

CITY OF CLEVELAND, Appellee.

[Cite as *Dickson & Campbell, L.L.C. v. Cleveland*, 181 Ohio App.3d 238, 2009-Ohio-738.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90519.

Decided Feb. 19, 2009.

---

Dickson & Campbell, L.L.C., and Blake A. Dickson, for appellant.

Robert J. Triozzi, Cleveland Law Director, and Mark R. Musson, Assistant Law Director, for appellee.

Mary J. Boyle, Judge.

{¶ 1} Appellant, Dickson & Campbell, L.L.C. appeals a judgment of the Cuyahoga County Court of Common Pleas affirming an administrative decision by the Cleveland Municipal Court's Parking Violations Bureau, Photo Safety

Division, finding Dickson & Campbell liable for two speeding violations. For the following reasons, we reverse and remand.

{¶ 2} In early 2007, Dickson & Campbell received two notices of liability for speeding violations pursuant to Cleveland Codified Ordinances ("CCO") 413.031. The notices provided that on January 19, 2007, and January 22, 2007, a vehicle owned by Dickson & Campbell committed speeding violations that were photographed by an automatic-enforcement camera.

{¶ 3} Dickson & Campbell appealed the notices to the parking violations bureau. In separate administrative hearings, examiners found Dickson & Campbell liable for each speeding violation and imposed a $100 fine. Dickson & Campbell appealed both decisions to the common pleas court (in a consolidated appeal) under R.C. Chapter 2506.

{¶ 4} The common pleas court upheld the decisions of both hearing officers, finding Dickson & Campbell liable for the two speeding violations under CCO 413.031. It is from this judgment that Dickson & Campbell appeals, raising a sole assignment of error for our review:

{¶ 5} "The trial court erred when it held that Dickson & Campbell is liable for [the two speeding violations] pursuant to [CCO] 413.031."

Standard of Review

{¶ 6} In *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433, the Ohio Supreme Court distinguished the standard of review to be applied by common pleas courts and appellate courts in R.C. Chapter 2506 administrative appeals. The court stated:

{¶ 7} "The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. * * *

{¶ 8} "The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is 'more limited in scope.' *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. 'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' Id. at fn. 4. 'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute

their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.' *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264."

## What Occurred Below

{¶ 9} The city claims that Dickson & Campbell is trying to "re-litigate for the third time the factual issue of whether [its] law firm was the 'owner' of the speeding vehicle under CCO 413.031(p)(3)." It maintains that the parking violations bureau made a factual determination that Dickson & Campbell was the registered owner of the speeding vehicle and that the common pleas court "did not alter this finding of fact," and therefore this court must affirm. The city, however, misstates what occurred at both the administrative hearings and at the common pleas court.

### A. First Notice of Liability Hearing

{¶ 10} At the hearing on the first notice of liability, Blake Dickson appeared and argued that Dickson & Campbell was the lessee of the vehicle and not the owner. The hearing examiner concluded, "O.K. Well, * * * we are going to go after the [lessee] then, sir," and found that Dickson & Campbell was liable for the infraction and imposed a $100 fine.

{¶ 11} Thus, in the first hearing, the examiner made the factual determination that Dickson & Campbell was the lessee, but held that it was liable regardless.

### B. Second Notice of Liability Hearing

{¶ 12} At the hearing on the second notice of liability, Blake Dickson appeared again and made the same arguments. The hearing examiner reviewed a printout (copy is not clear as to what it was) from the BMV that listed the license plate and the vehicle's VIN number. The top of the printout listed VW Credit Leasing, Ltd. It then listed Dickson & Campbell under "additional owner name" and gave Dickson & Campbell's address.

{¶ 13} Blake Dickson argued that there cannot be "two owners legally." The hearing examiner, however, disagreed and concluded that the BMV identified Dickson & Campbell as an additional owner, and under CCO 413.031, that was sufficient. The examiner found Dickson & Campbell liable for the speeding infraction and imposed a $100 fine.

{¶ 14} Thus, the second hearing officer found that Dickson & Campbell was an owner of the vehicle as defined under CCO 413.031.

C. The Common Pleas Court

{¶ 15} In its judgment entry, the common pleas court held, "Upon consideration of the entire record and such additional evidence as the court has admitted, the court affirms the order of the Cleveland Municipal Court's Parking Violations Bureau."

{¶ 16} Disagreeing with Dickson & Campbell's argument that because it is the lessee, it cannot be held liable under CCO 413.031 as the "owner" of the vehicle, the common pleas court reasoned:

{¶ 17} "This court disagrees. R.C. Section 4511.092(B) states that 'a motor vehicle leasing dealer * * * is not liable for a ticket issued for a vehicle that was in the care, custody, or control of a lessee [and] a dealer who receives a ticket for such violation shall notify whoever issued the ticket of the vehicle's lessee's or renter's name and address.' Appellant is attempting to avoid the inevitable with an argument based on semantics. If this court were to follow appellant's reasoning, then every driver of a leased car would be free from liability of speed traffic offenses simply because they do not 'own' the vehicle. Therefore the court finds the [Parking] Violation's Bureau's decision to be supported by reliable, probative, and substantial evidence and is in accordance with law as appellant had the care, custody, and control of the vehicle in question at the time of each violation."

{¶ 18} The common pleas court did not simply affirm the factual findings of the hearing examiners—as the city claims. Instead, as the common pleas court stated in its order, it affirmed the parking violations bureau decisions "[u]pon consideration of the entire record and such additional evidence as the court has admitted." Thus, the common pleas court admitted additional evidence submitted by Dickson & Campbell.

{¶ 19} The additional evidence consisted of several exhibits that Dickson & Campbell had attached to its appellate brief to the common pleas court, including an affidavit signed by Blake Dickson and a copy of an "Ohio Department of Public Safety Online Vehicle/Watercraft Title Inquiry." The title inquiry listed VW Credit Leasing, Ltd. as the owner of the vehicle and indicated that the "number of owners" was "one."

{¶ 20} The common pleas court, in considering the record *and* the additional evidence admitted, made a factual determination that Dickson & Campbell was the lessee, not the registered owner. It then held Dickson & Campbell liable for both notices of liability as the lessee of the vehicle.

{¶ 21} The city does not argue to this court that the common pleas court erred in admitting Dickson & Campbell's additional evidence (although it argued to the common pleas court that it should not consider it in its answer brief). Nonethe-

less, we briefly review whether the common pleas court erred in admitting the additional evidence under R.C. 2506.03.

## R.C. 2506.03/Hearing of Appeal

{¶ 22} This court recently stated that when the court of common pleas acts as the court of appeals in an administrative appeal, it is limited to a review of the transcript with the exception of certain enumerated deficiencies. *Ziss Bros. Constr. Co., Inc. v. Independence Planning Comm.*, 8th Dist. No. 90993, 2008-Ohio-6850, 2008 WL 5383853,¶ 18. R.C. 2506.03 sets forth those enumerated deficiencies entitling an appellant the opportunity to submit additional evidence to the court of common pleas. It provides:

{¶ 23} "(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

{¶ 24} "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

{¶ 25} "(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following [lists five conditions];

{¶ 26} " * * *

{¶ 27} "(3) The testimony adduced was not given under oath.

{¶ 28} "(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

{¶ 29} "(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

{¶ 30} "(B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. * * *"

{¶ 31} "[T]he mandatory language of R.C. 2506.03 'provides for the liberal supplementation of the record when the transcript provided under R.C. 2506.02 is inadequate or incomplete.'" *Ziss Bros.*, 2008-Ohio-6850, 2008 WL 5383853, at ¶ 20, quoting *Aria's Way, L.L.C. v. Concord Twp. Bd. of Zoning Appeals,* 173 Ohio App.3d 73, 2007-Ohio-4776, 877 N.E.2d 398, ¶ 19.

{¶ 32} The trial court admitted the additional evidence proving that Dickson & Campbell was the lessee of the vehicle and that VW Credit Leasing, Ltd. was the owner. We find no error in the trial court's doing so because neither the hearing officer nor the parking violations bureau filed "with the transcript, conclusions of fact supporting the final order." Thus, under R.C. 2506.03(A)(5), the trial court was permitted to consider the additional evidence.[1]

{¶ 33} This court then must accept the common pleas court's factual determination that Dickson & Campbell was the lessee of the vehicle and may review the judgment of the common pleas court only on questions of law. *Henley*, 90 Ohio St.3d at 147, 735 N.E.2d 433.

### CCO 413.031/Use of Automated Cameras to Impose Civil Penalties upon Red Light and Speeding Violators

{¶ 34} Cleveland enacted CCO 413.031 to establish "a civil enforcement system for red light and speeding offenders photographed by means of an 'automated traffic enforcement camera system.'" CCO 413.031(a). This "section imposes monetary liability on the owner of the vehicle for failure of the operator" to stop at a red light or comply with speed limitations. Id.

{¶ 35} Under CCO 413.031(c), "[t]he owner of a vehicle shall be liable for the penalty imposed under this section if the vehicle is operated at a speed in excess of the limitations set forth in Section 433.03."

{¶ 36} CCO 413.031(p)(3) defines "vehicle owner" as "the person or entity identified by the Ohio Bureau of Motor Vehicles * * * as the registered owner of the vehicle."

### Lessee's Liability under CCO 413.031

{¶ 37} The crux of Dickson & Campbell's argument is that as the lessee of the vehicle, it cannot be held liable as the vehicle owner.

{¶ 38} In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319. To determine the legislative intent, a court must look to the language of the statute. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 104, 65 O.O.2d 296, 304 N.E.2d 378. Words used in a statute are to be given their usual, normal, and customary meaning. *State ex rel. Pennington v. Gundler*

---

1. In addition, at least with regard to the second hearing, Blake Dickson's testimony was not given under oath (albeit by his own actions because he refused to be sworn in). Thus, R.C. 2506.03(A)(3) would provide additional support for the trial court's admitting the additional evidence.

(1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049. Further, unless a statute is ambiguous, the court must give effect to the plain meaning of a statute. Id.

{¶ 39} We find nothing ambiguous about the plain meaning of the words "vehicle owner." It is not difficult to decipher the difference between the "owner" of a vehicle and the "lessee" of a vehicle. If Cleveland had intended to hold lessees liable under CCO 413.031, it would have included them in the ordinance as other municipalities have.[2]

{¶ 40} Moreover, the city of Cleveland contemplated and distinguished between a lessee and an owner when it enacted its parking violations ordinances, which are included in the same section of the Cleveland Municipal Code (Part Four). The parking-infraction ordinances (set forth in Chapter 459) are similar to the automated-speeding and red-light infraction ordinances because they both impose civil liabilities based on the registered owner of the vehicle without knowing who committed the actual violation. Both presume that the registered owner committed the violation unless the registered owner submits evidence showing otherwise. See CCO 413.0319(*l*) and 459.07(a).

{¶ 41} CCO 459.04, Parking Ticket, Service, and Liability, provides:

{¶ 42} "(d) An operator of a vehicle who is not the owner of the vehicle, but who operates it with the express or implied permission of the owner is the agent of the owner for purposes of the receipt of parking tickets served in accordance with this Section * * *. The operator of a rented or leased vehicle whose act or omission resulted in an alleged parking infraction shall not be considered an agent of the owner if the owner is engaged in the business of renting or leasing vehicles * * * and if the owner follows the procedures set forth in Section 459.09 hereof.

{¶ 43} "(e) Except as provided in Section 459.09 hereof, when a parking ticket is issued for a parking infraction and is served pursuant to this Section, the operator of the vehicle whose act or omission resulted in the parking infraction for which the ticket was issued and the owner of the vehicle involved in the parking infraction, if different, are jointly liable for the parking infraction and any fine, penalty, fees, and costs arising out of the parking infraction."

{¶ 44} CCO 459.09, Nonliability of Owner, states:

{¶ 45} "(a) An owner of a vehicle is not jointly liable with an operator of the vehicle whose act or omission resulted in a parking infraction for the parking

---

**2.** For example, the city of Akron adopted a similar ordinance imposing civil liability through the use of an "Automated Mobile Speed Enforcement System." See Akron City Code 79.01(B)(3), which defines "vehicle owner" as "the person or entity identified by the Ohio Bureau of Motor Vehicles * * * as the registered owner of a vehicle *or a lessee of a motor vehicle under a lease of six months or more.*" (Emphasis added.)

infraction or any fine, penalty, fee, processing fee, or cost arising out of the parking infraction under this chapter if either of the following apply:

{¶ 46} " * * *

{¶ 47} "(2) The owner answers the charge of the parking infraction under Sections 459.05 or 459.06 hereof, the answer denies that he committed the parking infraction, the owner additionally submits evidence at that time that proves that, at the time of the alleged commission of the infraction, the owner was engaged in the business of renting or leasing vehicles under written rental or lease agreements, and the owner additionally submits evidence that proves that, at the time of the alleged commission of the parking infraction, the vehicle in question was in the care, custody, or control of a person other than the owner pursuant to a written rental or lease agreement.

{¶ 48} " * * *

{¶ 49} "Proof that the vehicle was in the care, custody, or control of a person other than the owner pursuant to a written rental or lease agreement at the time of the alleged parking infraction shall be established by sending a true copy of the rental or lease agreement or an affidavit to that effect to the Parking Violations Bureau * * *. The submission of a true copy of a written rental or lease agreement or affidavit shall be prima-facie evidence that a vehicle was in the care, custody, or control of a person other than the owner."

{¶ 50} Reading the parking infraction ordinance in pari materia with the automated camera ordinance, we can only conclude that Cleveland did not intend to hold lessees liable under CCO 413.031. If it had intended to do so, it would have included them in the ordinance—just as it did for parking infractions.

{¶ 51} Therefore, accepting the common pleas court's factual determination that Dickson & Campbell was the lessee of the vehicle, we cannot agree with its legal conclusion that Dickson & Campbell is liable under CCO 413.031.

 {¶ 52} First, the common pleas court erred by relying on R.C. 4511.092(B) because this statute was not in effect at the time the notices of liability were issued for the speeding infractions.[3] Even if it had been, it would not affect our decision because it provides only that a "motor vehicle leasing dealer" is not liable for a ticket from a "traffic law photo-monitoring device," but it does not impose liability on lessees.

{¶ 53} Second, the common pleas court's reasoning that drivers can escape liability by leasing vehicles is inaccurate. Every driver of a leased vehicle can

---

3. R.C. 4511.092 became effective on June 30, 2007. See 2007 Am.Sub.H.B. No. 67.

still be liable for speeding and running a red light through traditional means, namely, being cited by a police officer for doing so.

{¶ 54} Finally, though "appellant had the care, custody, and control of the vehicle in question at the time of each violation," appellant does not meet the criteria under CCO 413.031 to hold a "vehicle owner" liable. Dickson & Campbell cannot be liable for the speeding infractions because it was the lessee of the vehicle and not the owner.

{¶ 55} Accordingly, we sustain Dickson & Campbell's sole assignment of error. The judgment of the Cuyahoga County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

STEWART, J., concurs.

COONEY, A.J., dissents.

COLLEEN CONWAY COONEY, Administrative Judge, dissenting.

{¶ 56} I respectfully dissent. Our standard of review is limited to determining whether the common pleas court abused its discretion in finding that the administrative order is supported by reliable, probative, and substantial evidence. The evidence supports the trial court's decision because Dickson & Campbell is registered as the owner of the vehicle pursuant to BMV records. Therefore, I would affirm the court's judgment.