McKEAGUE, Circuit Judge,
concurring.
I concur in the majority opinion in all respects. I write separately merely to highlight a second reason why Plaintiffs’ payment of their traffic fines does not constitute a “taking.” In order to demonstrate that the City committed a taking, Plaintiffs must allege and show that payment of their citations was involuntary. Yee v. City of Escondido, Cal., 503 U.S. 519, 527, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992) (“the Takings Clause requires compensation if the government authorizes a compelled invasion of property”). As the City clearly issued the citations and Plaintiffs paid the required fines, Plaintiffs must allege facts which, if proven, would support a finding that their payments were made under duress or compulsion.
In Oberhausen v. Louisville-Jefferson County Metro Government, 527 F.Supp.2d 713 (W.D.Ky.2007), the court held in an analogous context that voluntary payments made to satisfy outstanding parking tickets were precisely that: voluntary payments. Id. at 725. The payments were considered to be “voluntary” because paying the fine was not the only option available to the vehicle owner in responding to notice of the violation. To avoid the potential consequences associated with nonpayment of the fine, the vehicle owner could either pay the fine or contest the ticket by any of three methods. See id. at 716-17. *288 The availability of these options, the court held, citing Herrada v. City of Detroit, 275 F.3d 553, 559 (6th Cir.2001), was sufficient to render the plaintiffs’ choice to pay the fines voluntary, not the product of an improper deprivation. Oberhausen, 527 F.Supp.2d at 725. The voluntariness of the payments was thus held to undermine the plaintiffs’ allegation that they suffered an unconstitutional “taking.” Id.
Here, too, the notice of violation received by Plaintiffs adequately advised them of their options. As the district court noted, the second page of the citation set out the instructions for answering the notice, providing: “You must either admit or deny this infraction. If your admission or denial is not received within 21 calendar days of the notice date of the ticket, late penalties will be added and you will lose your rights to appeal.” McCarthy, 2009 WL 2424296, at *2, 2009 U.S. Dist. LEXIS 68651 at *6. The citation informed Plaintiffs of four methods “to admit” the violation, all of which involved paying the fine. The instructions “to deny” permitted them to check a box to indicate whether they desired a hearing, wanted to demonstrate that the vehicle had been stolen, or wanted to demonstrate that the vehicle was not in their custody, care, or control at the time of the infraction. Id. at *3, 2009 U.S. Dist. LEXIS 68651 at *7.
The citation thus clearly provided an option, permitting either payment or appeal. Plaintiffs had the option of challenging the charged violations without first paying the fines. For whatever reason, they chose to voluntarily pay the fines without challenging the tickets. The City did not garnish, attach, seize or otherwise “take” the fine monies from accounts or funds belonging to plaintiffs. As the citation provided an alternative to payment— an alternative not unreasonable, onerous or coercive — Plaintiffs’ payments of the fines were voluntary, not compelled. Indeed, this conclusion is corroborated by the experience of the plaintiffs in Dickson & Campbell, LLC v. City of Cleveland, 181 Ohio App.3d 238, 908 N.E.2d 964 (2009), who successfully challenged this very ordinance on the very grounds now asserted without paying their fines. That the payments were voluntary is a fact that clearly and fatally undermines Plaintiffs’ takings claim.
If Plaintiffs had voluntarily paid under protest and exercised their right to challenge the violations, they arguably would have preserved their right to bring a takings action, but even then, until they received a final denial without just compensation, the action would be unripe. “The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation.” Williamson County Regional Planning Comm’n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Yet, even where there is a “taking” of private property by the government, it is not actionable as an unconstitutional taking until after the property owner has first invoked any available process for obtaining compensation and received a final decision from the governmental entity denying the claim. Id. at 194-95, 105 S.Ct. 3108; Streater v. Cox, 336 Fed.Appx. 470, 477 (6th Cir.2009). Here, it is undisputed that Plaintiffs could have appealed, but did not. They did not exhaust the process available to them and did not obtain a final decision on any appeal. It follows that they have not been “denied” just compensation for any improper taking and their federal court action for any unconstitutional taking is therefore premature.
Plaintiffs insist the appeal process provided by the City is not adequate because it could have turned out to be more expen *289 sive than simply paying the fíne. Citing Williams v. Redflex Traffic Systems, Inc., 582 F.3d 617, 621 (6th Cir.2009), Plaintiffs argue that such a process “offers no choice at all.” In Williams, the subject citation gave the recipient the option of either paying a $50 fine or requesting a hearing conditioned on payment of a court processing fee of $67.50 — “an irrevocably bad bargain.” Id. Nonetheless, until the plaintiffs challenged the allegedly unfair process, the court held, they could not establish the requisite concrete factual context and were not subject to the sort of hardship that would render their claim ripe for federal court adjudication. Until the plaintiffs invoked the allegedly unfair procedure, their claim was deemed speculative and nonjusticiable. Id.
It follows that Plaintiffs in this case, too, are in no position to complain that the City’s appeal process is so expensive or onerous as to effectively leave them no choice but to pay the traffic fines. Because they did not invoke the process, their claimed hardship is purely speculative. It follows, per Williams, that Plaintiffs’ complaint, to the extent it could be liberally construed as alleging that their payment of the fines was involuntary because coerced by an unfair process, is still facially defective for their undisputed failure to have invoked and challenged the allegedly unfair process.
There are thus multiple grounds for affirming the dismissal of Plaintiffs’ claim under the Takings Clause of the United States Constitution.