HELENE N. WHITE, Circuit Judge,
concurring in part and dissenting in part.
There are many reasons why Plaintiffs’ federal claims should fail, but I am not convinced that claim preclusion under Ohio law is one of them. The procedural due process claim attacks the procedures through which Cleveland determines liability under the ordinance. A defendant in a civil infraction proceeding challenging the *308 adequacy of the procedures used to obtain the judgment of responsibility challenges the procedures, not the alleged infraction. That Plaintiffs had the opportunity to contest their liability goes to the merits of the procedural due process claim rather than the question of its merger or bar. Nevertheless, although not reached by the district court, it is clear beyond peradventure that Plaintiffs were provided with constitutionally sufficient procedural process. As the majority observes, they had ample opportunity to contest whether the ordinance applied to them as lessees.
As to the substantive due process claim, the allegation is that Cleveland arbitrarily and capriciously implemented a custom or policy to ignore the plain language of its ordinance and issue citations to individuals who leased, not owned, their vehicles. This too is based on a different nucleus of operative facts. However, this court previously affirmed the dismissal of Plaintiffs’ claims based on the Fifth Amendment’s Takings Clause. With that underpinning removed, all that remains is the general allegation, that Cleveland violated Plaintiffs’ substantive due process rights by their arbitrary and capricious policy of enforcing the ordinance against them. But, in the context of “abusive executive action” “only the most egregious official conduct can be said to be ‘arbitrary in the constitutional sense.’ ” City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 198, 123 S.Ct. 1389, 155 L.Ed.2d 349 (2003) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). Here, Cleveland did no more than apply an ordinance to a group of persons who were not included within its scope as determined by the Ohio court. This is hardly egregious official conduct given that Cleveland Codified Ordinance 413.031(p)(3) defines “vehicle owner” as “the person or entity identified by the Ohio Bureau of Motor Vehicles ... as the registered owner of the vehicle,” and the BMV lists at least some lessees, as in Dickson & Campbell, L.L. C. v. City of Cleveland, as additional owners. 181 Ohio App.3d 238, 908 N.E.2d 964, 971 (2009) (Cooney, J., dissenting).
Thus, I concur in the dismissal of Plaintiffs’ federal due process claims, albeit for different reasons.
I would, however, remand the state claims so that the district court can remand them to state court under the circumstance that an Ohio court has permitted similar plaintiffs to pursue unjust enrichment claims. Although the majority accurately observes that Lycan v. Cleveland did not consider a res judicata defense, it did state that the question whether the plaintiffs claims to equitable relief were waived depended on the circumstances:
While we recognize that the appellants had the opportunity to challenge the imposition of the fines before they paid them, this opportunity does not necessarily foreclose any right to equitable relief. The law governing restitution allows the court to consider myriad factors in determining whether the retention of a benefit is unjust. See Restatement of the Law, Restitution (1937).
Lycan, No. 94353, 2010 WL 5075520, at *2 (Ohio Ct.App. Dec. 9, 2010). Because Plaintiffs’ unjust enrichment claims are clearly a matter of state law, it is not clear that the Ohio court would consider them barred, and the federal claims have been resolved, I think it prudent to remand the state claims so that the district court can again remand them to state court.