THE STATE EX REL. WASHINGTON, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Washington v. Indus. Comm.,*
112 Ohio St.3d 86, 2006-Ohio-6505.]

(No. 2006–0070—Submitted October 3, 2006—Decided December 27, 2006.)

_____

**Per Curiam.**

{¶ 1} We are asked to determine whether appellee, Industrial Commission of Ohio, abused its discretion in denying appellant Ronald L. Washington's second request to increase his average weekly wage. Upon review, we agree that the issue is res judicata and affirm the judgment of the court of appeals.

{¶ 2} Washington was industrially injured on October 21, 1993. Shortly after, his average weekly wage was set by a Bureau of Workers' Compensation claims examiner at $96.31. This amount was based on the standard calculation set forth in R.C. 4123.61—Washington's earnings for the year prior to injury divided by 52 weeks.

{¶ 3} Ten years later, Washington moved to have his average weekly wage reset at $110. His motion was accompanied by Social Security documentation of income for 1992 and 1993 that established slightly higher earnings for the relevant period. A district hearing officer set Washington's average weekly wage at $107.88, and that order became final.

{¶ 4} In February 2004, Washington again asked to have his average weekly wage increased, this time to $530.24. With this motion, he submitted records of earnings from 1990 to 2002. Washington argued at the hearing that the "tender years" provision of R.C. 4123.62(A)[1] supported the upward adjustment. The district hearing officer, however, held that Washington could have made that argument when he moved for an average weekly wage reset the previous year and hence res judicata barred an adjustment. She wrote:

{¶ 5} "The injured worker's average weekly wage was previously adjudicated by District Hearing Officer order dated 06/05/2003 and Staff Hearing Officer order dated 07/10/2003. The injured worker's counsel did not raise the 'tender years' argument under the provisions of Ohio Revised Code Section 4123.62(A) at those prior adjudications. Injured worker's counsel indicated that the injured worker's Social Security Earnings records had not yet been obtained at the time of those adjudications.

_____

1. R.C. 4123.62(A) states: "If it is established that an injured or disabled employee was of such age and experience when injured or disabled as that under natural conditions an injured or disabled employee's wages would be expected to increase, the administrator of workers' compensation may consider that fact in arriving at an injured or disabled employee's average weekly wage."

{¶ 6} "While the Hearing Officer notes the 'tender years' provision is a generally accepted exception to the doctrine of res judicata for average weekly wage purposes, the circumstances in this situation do not render it an exception for this claim. This claim does not present a situation where average weekly wage was calculated early in [the] claim and the injured worker in subsequent years demonstrated a substantial increase in earnings.

{¶ 7} "Rather, the average weekly in this claim was formally adjudicated nearly ten years after the date of injury. The 'tender years' allegation should have been included in the previous adjudication. The absence of due diligence in obtaining a complete earnings history nearly *ten years* after the inception of this claim does not qualify as grounds for subverting the doctrine of res judicata." (Emphasis sic.)

{¶ 8} That order was administratively affirmed.

{¶ 9} Washington filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his motion. The court of appeals denied the writ. Acknowledging that res judicata has limited application in workers' compensation proceedings, the court found that none of the prerequisites that permitted the commission to exercise its continuing jurisdiction existed. In so doing, the court specifically rejected Washington's claim that the wage evidence submitted with the second motion constituted new and changed circumstances sufficient to reopen the matter. To the contrary, "the Social Security Administration records of relator's income offered in support of relator's 2004 motion to modify his [average weekly wage] could readily have been obtained and presented in his 2003 application. Under the circumstances of this case, the commission was within its discretion to decline to exercise continuing jurisdiction." *State ex rel. Washington v. Indus. Comm.*, Franklin App. No. 05AP–18, 2005-Ohio-6470, 2005 WL 3304013, ¶ 13.

{¶ 10} This cause is now before this court on an appeal as of right.

{¶ 11} Res judicata bars "the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Consumers' Counsel v. Pub. Util. Comm.* (1985), 16 Ohio St.3d 9, 10, 16 OBR 361, 475 N.E.2d 782. The doctrine applies to administrative proceedings. *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 31 OBR 463, 510 N.E.2d 373.

{¶ 12} Res judicata demands "an identity of parties and issues in the proceedings." *Beatrice Foods Co. v. Lindley* (1982), 70 Ohio St.2d 29, 35, 24 O.O.3d 68, 434 N.E.2d 727. That requisite identity exists here. The issue in the 2003 and 2004 motions was the same: to increase Washington's average weekly wage. The fact that Washington made a different argument in support of each motion does not change that fact. Washington's counsel could have raised the "tender years"

provision at the first hearing, but did not. There was nothing that prevented him from concurrently raising challenges based on both R.C. 4123.61 and 4123.62(A).

{¶ 13} Washington responds by stressing the limited application res judicata has in workers' compensation cases, which is indeed correct. *State ex rel. B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 569 N.E.2d 496. The commission's continuing jurisdiction to reopen a matter, however, is not unlimited. It hinges on the existence of one of five prerequisites: (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 459, 692 N.E.2d 188. Washington maintains that the wage information submitted with his second motion to recalculate the average weekly wage constituted new and changed circumstances. That argument did not persuade the commission or the court of appeals, and it remains unconvincing here.

{¶ 14} The court of appeals, in agreeing with the commission and its reasoning, stated:

{¶ 15} "[T]he evidence presented to invoke the continuing jurisdiction of the commission must be of new and changed circumstances, not merely newly acquired evidence. '[W]e agree with the appellate court's observation that while the evidence * * * was newly acquired, such is not evidence that "conditions have changed subsequent to the initial award." ' *State ex rel. Keith v. Indus. Comm.* (1991), 62 Ohio St.3d 139, at 141–142 [580 N.E.2d 433].

{¶ 16} "In this case, the Social Security Administration records of relator's income offered in support of relator's 2004 motion to modify his [average weekly wage] could readily have been obtained and presented in his 2003 application. Under the circumstances of this case, the commission was within its discretion to decline to exercise continuing jurisdiction." *State ex rel. Washington,* 2005-Ohio-6470, 2005 WL 3304013, at ¶ 12–13.

{¶ 17} The judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Resnick, Pfeifer, Lundberg Stratton, O'Connor, O'Donnell and Lanzinger, JJ., concur.

---

M. Blake Stone, L.P.A., Inc., and M. Blake Stone, for appellant.

Jim Petro, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee Industrial Commission.