[Cite as *Robinson v. Progressive Ins., Corp.*, 2025-Ohio-1370.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JC ROBINSON, JR., ET AL.,                      :

     Plaintiffs-Appellants,             :

                                           No. 114348

     v.                                 :

PROGRESSIVE INSURANCE CORP.,      :

     Defendant-Appellee.                :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 17, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-997773

---

### *Appearances:*

JC Robinson, Jr., *pro se.*

Ankuda, Stadler & Moeller Ltd, Paul R. Morway, and
Jamie L. Rasor, *for appellee.*


EMANUELLA D. GROVES, P.J.:

{¶ 1} Plaintiff-appellant JC Robinson, Jr. ("JC"), pro se, appeals the trial court's summary judgment decision in favor of defendant-appellee, Progressive

Insurance Corporation ("Progressive").[1]  Upon review, we affirm the trial court's decision.

## I.    Facts and Procedural History

{¶ 2} In May 2024, JC filed a four-count complaint on behalf of himself and his minor daughter, E.R., (collectively "the Robinsons") in the Cuyahoga County Court of Common Pleas ("C.P. Complaint").  The C.P. Complaint was filed against Progressive, JC's automobile insurance carrier, and "Unknown Driver."  Therein, JC claimed that the Robinsons were involved in a "hit-and-skip," rear-end, motor vehicle accident in November 2023 ("the MVA") resulting in property damage, physical and mental injuries, medical expenses, lost income, and loss of enjoyment of life.  JC claimed that the Robinsons presented to an emergency room after calling 9-1-1 following the MVA and that their medical treatment was ongoing.

{¶ 3} JC asserted the following causes of action in the C.P. Complaint: (1) declaratory judgment, contending that they are entitled to payment from Progressive based on their "uninsured/underinsured motorist bodily injury" coverage; (2) breach of contract, claiming Progressive failed or refused to perform its obligations under the terms of its automobile insurance policy; (3) unfair claim practices and bad faith, arguing Progressive offered the Robinsons a "low ball" settlement amount and failed to promptly pay their insurance claim; and (4) intentional infliction of emotional distress, asserting that Progressive's requests to

---

[1] Per Progressive, "Progressive Direct Insurance Company" was incorrectly identified in the underlying lawsuit as "Progressive Insurance Corporation."

process their claim amounted to "reckless behavior" and "actions to delay coverage" and caused emotional distress "from . . . [Progressive] not being there for [the Robinsons] after [the MVA]." (C.P. Complaint, May 21, 2024.)

{¶ 4} In June 2024, Progressive filed a motion to dismiss the C.P. Complaint in its entirety. Progressive argued that the C.P. Complaint was barred by res judicata and claim preclusion, noting that this was the second lawsuit the Robinsons filed against Progressive stemming from the MVA. Progressive explained that the Robinsons previously filed a complaint in *JC Robinson, Jr. v. Progressive Ins. Corp.*, Cleveland M.C. No. 2023-CVI-0013723 ("Mun. Complaint"), which was dismissed with prejudice in March 2024. Progressive argued that the Mun. Complaint included (1) identical parties, (2) the same subject matter, and (3) the same claims for breach of contract, unfair claim practices, and bad faith. Progressive further asserted that at the time of the Mun. Complaint's filing, JC was aware of the causes of action later asserted in the C.P. Complaint and "simply did not include them [in the Mun. Complaint] so that he would effectively get 'two bites at the apple.'" (Motion to Dismiss, June 18, 2024.)

{¶ 5} JC opposed Progressive's motion to dismiss, countering that the matter was not fully litigated because only "one part" of the Robinsons' claims were settled and dismissed as a result of the Mun. Complaint. JC also countered that Progressive's "behavior has worsened since the last civil suit" and their claims were not ripe for review because the Robinsons were still receiving medical treatment and

losing wages. (Opposition to Progressive's Motion to Dismiss, June 25, 2024.). In response, Progressive filed a reply in support of its motion to dismiss.

{¶ 6} The trial court subsequently issued a journal entry noting that Progressive's motion to dismiss was not justiciable because res judicata was a defense that must be proven with evidence outside of the pleadings. The trial court treated Progressive's motion to dismiss as a motion for summary judgment and granted the parties leave to supplement their briefings with any permissible Civ.R. 56(C) evidence and additional legal arguments.

{¶ 7} Progressive filed a supplemental motion for summary judgment, incorporating its prior arguments and attaching the following exhibits:

> (1) The Mun. Complaint, which included the MVA traffic crash report. The Mun. Complaint alleged that Progressive failed to pay for the repair or replacement of JC's vehicle, rental vehicle, or E.R.'s car seat following the MVA and asserted claims for "breach of contract, breach of good faith and fair dealing, and violations of Ohio Rules 3901-1-54."
>
> (2) JC's motion to dismiss the Mun. Complaint with prejudice, indicating that the parties reached a "mutual agreed settlement for the collision part of the Progressive insurance claim."
>
> (3) The magistrate's decision dismissing the Mun. Complaint "with prejudice at Plaintiff's request" and the order adopting same.
>
> (4) A certified copy of the Progressive automobile insurance policy from which the Robinsons' claims arose in both the Mun. and C.P. Complaints.

{¶ 8} JC then supplemented his brief in opposition, incorporating his prior arguments. JC also claimed that he filed the Mun. Complaint to induce Progressive into issuing payment for repairs to JC's vehicle, rental reimbursement, and damage

sustained to E.R.'s car seat. JC stated, "[Progressive] came out[, t]otaled my car out, paid Hertz rental car bill, and paid for a new car seat." (Brief in Opposition to Progressive's Supplemental Motion for Summary Judgment, Aug. 22, 2024.) However, JC argued that Progressive was "responsible for 100 percent of [the Robinsons'] medical bills, pain and suffering and loss of wages" and those claims had not been settled. *Id.* JC claims that because the vehicle was a total loss, it is undisputed that the Robinsons sustained bodily injuries, and his blood pressure spiked because of "delaying and unfair dealings with Progressive." *Id.* JC further countered that Progressive's "malicious behavior" in handling the claim and raising of monthly auto insurance policy payments caused emotional damages. *Id.* Finally, JC argued that Progressive proposed a "low-ball offer" to settle the Robinsons' uninsured motorist claim. *Id.*

{¶ 9} JC attached the following exhibits to his brief in opposition: correspondence from Progressive acknowledging that JC was found not liable for the MVA; the Mun. Complaint; email correspondence from Progressive to JC advising that one medical bill and corresponding records were received and inquiring whether there were more; email correspondence from JC to Progressive asking whether Progressive received legal documents or needed a copy of E.R.'s report card; a vehicle valuation report and settlement summary; a document titled "Coverage at Time of Incident"; photos of JC's vehicle; a portion of "Letters to the Editor" from the Journal of Manipulative and Physiological Therapeutics from

January 2000; an article from the Progressive website titled, "What is uninsured motorist coverage?"

{¶ 10} In September 2024, the trial court granted Progressive's motion for summary judgment "for the reasons argued in the briefs, namely res judicata." (Journal Entry, Sept. 6, 2024.)

{¶ 11} JC appeals, raising the following assignments of error for review, as quoted directly from their appellate brief:

### Assignment of Error No. 1

The trial court committed plain and reversible error to the harm and prejudice of appellant abusing its discretion by applying res judicata that it created injustice and shielded appellee Progressive from paying appellant's medical bills, loss wages and pain and suffering.

### Assignment of Error No. 2

Trial court committed reversible error to the harm and prejudice of appellant abusing discretion in granting a summary judgment in favor of appellee Progressive Direct Insurance motion, when there is still genuine material facts to dispute. Appellant claims were not ripe for review.

### Assignment of Error No. 3

The trial court decision to dismiss appellant claims based on res judicata violated constitution contract clause, (2) the taking clause, (3rd) the due process clause. By impairing the obligation of appellee-plaintiff to pay appellants medical bills, and loss wages, and appellant to seek relief in uninsured motorist claim and declaratory judgment.

Since JCs' assignments of error all challenge the trial court's summary judgment ruling, we address them together.

## II.  Law and Analysis

### A. Final, Appealable Order

{¶ 12} As an initial matter, we address whether the journal entry granting Progressive's summary judgment motion is a final appealable order. Pursuant to R.C. 2502.02(B)(4), a court of appeals has jurisdiction to review, affirm, modify, or reverse an order granting or denying a provisional remedy when two conditions are met: (1) the order effectively determines the action with respect to the provisional remedy and prevents a judgment in favor of the appealing party regarding that remedy and (2) following final judgment as to all of the action's proceedings, issues, claims, and parties, the appealing party would not be afforded a meaningful or effective appellate remedy.

{¶ 13} Here, two defendants were named in the C.P. Complaint: Progressive and Unknown Driver. While the trial court's journal entry does not contemplate Unknown Driver or include Civ.R. 54(B) language, our review of the C.P. Complaint reveals that no causes of action were asserted against Unknown Driver and the claims for relief following each cause of action merely included Progressive. Thus, no valid causes of action were alleged against Unknown Driver under Civ.R. 8(A)'s notice-pleading requirements.[2] Accordingly, the September 2024 journal entry resolved all of the action's issues and claims and is considered a final appealable order.

## B. Summary Judgment and Res Judicata

---

[2] Civ.R. 8(A) provides, "A pleading that sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."

{¶ 14} In his assignments of error, JC argues that the trial court erred in granting summary judgment because it was unreasonable, unjust, and unconstitutional to strictly apply the doctrine of res judicata when the Robinsons' claims were not ripe for review, litigated, or dismissed on the merits.

{¶ 15} We note that "'pro se litigants are presumed to have knowledge of the law and legal procedures and . . . are held to the same standards as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Indeed, "'[p]ro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 2008-Ohio-4586, ¶ 9 (8th Dist.), quoting *Williams v. Lo*, 2008-Ohio-2804, ¶ 18 (10th Dist.). With this well-established rule in mind, we address the trial court's granting of summary judgment and the issue of res judicata.

{¶ 16} An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). In a de novo review, the appellate court affords no deference to the trial court's decision and independently reviews the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.); *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30.

{¶ 17} A party may seek affirmative relief by moving for summary judgment as to all or any part of a claim. Civ.R. 56(A). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or

defenses." *Am. Dental Ctr. v. Wunderle*, 1993 Ohio App. LEXIS 4437, 4 (8th Dist. Sept. 16, 1993), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Grafton* at 105. This court explained:

> "[T]he plain language of the summary judgment rule mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial."

(Citations omitted.) *Corradi v. Soclof*, 1995 Ohio App. LEXIS 2162, 6 (8th Dist. May 25, 1995), quoting *Toensing v. MK-Ferguson Co.*, 76 Ohio App.3d 826, 830 (8th Dist. 1992), citing *Celotex Corp.* at 323-324.

{¶ 18} The party moving for summary judgment bears the burden of demonstrating that no genuine issues of material fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* To accomplish this, the movant must be able to point to Civ.R. 56(C) evidentiary materials, which include

"pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any[,]" for the court's consideration in rendering summary judgment. *Id.*; Civ.R. 56(C). "These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Dresher* at 293.

{¶ 19} After the moving party's initial burden is satisfied, the nonmoving party "'may not rest upon the mere allegations or denials in the pleadings.'" *Id.*, quoting Civ.R. 56(E). Rather, the nonmoving party's reciprocal burden is triggered, requiring it to set forth specific facts, by the means listed in Civ.R. 56(C), showing that there remains a genuine issue for trial. *Id.* Finally, we note that a trial court may consider evidence other than the materials specified in Civ.R. 56(C) if — as is the case here — no objections are raised. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 2009-Ohio-2871, ¶ 17.

{¶ 20} Here, the issue is whether there are genuine issues of material fact that the claims brought by JC in his C.P. Complaint are barred from further litigation. Based on the doctrine of res judicata, we find that they are.

{¶ 21} Res judicata ensures the finality and stability of judicial decisions, deters vexatious litigation, and allows courts to resolve other disputes. *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 2023-Ohio-3097, ¶ 15. The doctrine prevents a party from relitigating an issue or claim that has already

been decided in a final, appealable order or a valid, final judgment in a prior proceeding and could have been raised on appeal in that prior proceeding. *Id.*

{¶ 22} The Ohio Supreme Court adopted res judicata's modern application, which includes claim preclusion and issue preclusion. *Id.* at ¶ 16. "Claim preclusion makes "'an existing final judgment or decree between the parties to litigation . . . conclusive as to all claims which were or might have been litigated in a first lawsuit."'" *Lycan v. Cleveland*, 2022-Ohio-4676, ¶ 22, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990), quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69 (1986). Issue preclusion, in contrast, prevents the "'relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies.'" *State ex rel. Peterson v. Miday*, 2023-Ohio-2963, ¶ 4 (8th Dist.), quoting *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 7.

{¶ 23} On appeal and in its motion for summary judgment, Progressive argues that claim preclusion prevents JC from relitigating the claims that he previously raised or could have raised in the Mun. Complaint.

{¶ 24} Claim preclusion applies when:

(1) a court of competent jurisdiction rendered a valid, final judgment on the merits in an earlier action,

(2) the second action involves the same parties or their privies,

(3) the second action raises claims that were or could have been litigated in the first cause of action, and

(4) the second action arises out of the same transaction or occurrence that was the subject of the first action.

*Lycan* at ¶ 23, quoting *Hapgood v. Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

{¶ 25} We agree that the claims raised in the C.P. Complaint are barred by claim preclusion.

{¶ 26} First, a court of competent jurisdiction rendered a valid, final judgment on the merits in an earlier action: the Cleveland Municipal Court dismissed the Mun. Complaint with prejudice at JC's request after the parties reached a "mutual agreed settlement." A dismissal with prejudice is a final decision on the merits. *Persaud v. St. John Med. Ctr.*, 2017-Ohio-7178, ¶ 22 (ultimately holding that a voluntary dismissal with prejudice bars future litigation on the rights asserted or those that could have been asserted in the prior action under res judicata), citing *Tower City Properties v. Cuyahoga Cty. Bd. of Revisions*, 49 Ohio St.3d 67, 69 (1990) (a voluntary dismissal with prejudice operates as an adjudication on the merits).

{¶ 27} Second, the instant case involves the same parties or their privies, JC and JC's minor daughter, E.R., as well as Progressive.

{¶ 28} Third, the C.P. Complaint raises claims that were or could have been raised in the Mun. Complaint. JC pleaded the same breach-of-contract, unfair-claims practices, and bad-faith claims, which were previously raised in the Mun. Complaint. JC also raised two new causes of action in the C.P. Complaint: a declaratory-judgment claim and an intentional-infliction-of-emotional-distress

claim, allegedly arising from Progressive's failure to issue payment under the terms of JC's "uninsured/underinsured motorist bodily injury" coverage. However, based on the record before us, these claims existed at the time the Mun. Complaint was filed in December 2023. The C.P. Complaint and appellate brief state that the Robinsons were injured from the MVA and immediately sought medical treatment thereafter. The Mun. Complaint further states that JC notified Progressive of the MVA in November 2023. JC also has not presented any evidence that the causes of action asserted in the C.P. Complaint were not known to him at the time of the Mun. Complaint filing.

{¶ 29} Fourth, the C.P. Complaint arises out of the same operative facts and evidence as the Mun. Complaint: the MVA and Progressive's handling of the Robinsons' claims under JC's automobile insurance policy.

{¶ 30} Finally, we note that the Ohio Supreme Court recognized that "res judicata is not so rigidly applied 'when fairness and justice would not support it'" and an exception to the doctrine may be applicable in "some extraordinary situations." *AJZ's Hauling, L.L.C.*, 2023-Ohio-3097 at ¶ 18 (observing that the Court has yet to apply such an exception), quoting *State ex rel. Estate of Miles v. Piketon*, 2009-Ohio-786, ¶ 30. However, "[a]n exception to the res judicata doctrine will not apply when the parties had a full and fair opportunity to be heard on an issue, the trial court issued a final, appealable order determining that issue, the parties failed to pursue a direct appeal or other available remedies to challenge that

court's order, and the parties did not commit bad-faith acts during the course of that litigation." *Id.*

{¶ 31} After Progressive moved for summary judgment, informed the trial court that the C.P. Complaint was barred by res judicata, and presented evidence demonstrating that no genuine issues of material fact exist for trial, JC's reciprocal burden was triggered. To survive summary judgment, JC was required to set forth specific facts rebutting the application of res judicata and showing that genuine issues remained. JC has not done so; none of facts or evidence presented, regardless of admissibility, demonstrate that Progressive acted in bad faith during litigation or that this is the extraordinary circumstance where fairness and justice require an exception to the application of res judicata. Rather, the record reveals that JC had a full and fair opportunity to litigate the Robinsons' claims; accepted a settlement from Progressive; voluntarily requested the dismissal of the Mun. Complaint with prejudice; and failed to pursue a direct appeal of the municipal court's final, appealable order. Accordingly, we conclude that JC failed to provide any evidence to rebut Progressive's res judicata argument and is bound by the consequences of his voluntary dismissal of the Mun. Complaint with prejudice.

{¶ 32} Because the doctrine of res judicata — specifically, claim preclusion — applies and no exception is warranted, we find that the trial court did not err in granting Progressive's motion for summary judgment and overrule JC's assignments of error.

{¶ 33} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
KATHLEEN ANN KEOUGH, J., CONCUR